J-S43044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                             :            PENNSYLVANIA
                             :
              v.             :
                             :
                             :
SHAWN JOHNSON                 :
                             :
         Appellant            :   No. 415 WDA 2018

Appeal from the PCRA Order March 15, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016400-2008

BEFORE:  STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED AUGUST 16, 2018**

Appellant Shawn Johnson appeals from the order denying his first timely

petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-

9546.  Appellant claims that the PCRA court erred in rejecting his claims based

on the ineffective assistance of trial counsel.[1]  We affirm.

The PCRA court set forth the facts of this case as follows:

Ray Menifield, [(Victim)], was robbed on July 14, 2008, while he
was working as a manager and an after-hours parking lot
attendant at McDonald's.  He immediately reported the robbery
and provided a detailed description of the robber, as well as the
vehicle in which he had seen the robber arrive at the lot.  Mr.
Menifield did not know the robber personally, but he had seen him
on multiple occasions prior to the robbery, and he knew he would
be able to identify him if he saw him again.

On September 15, 2008, approximately two (2) months after the
robbery, Mr[.] Menifield testified that he saw the perpetrator get

_____

[1] At trial, Appellant was represented by Rosalyn Guy-McCorkle, Esq. (Trial
Counsel).

out of a vehicle at the parking lot where he worked. Mr. Menifield testified that he "knew right away" that the person who had exited the vehicle was the individual who had robbed him. Mr. Menifield overheard the robber talking to another lot attendant with whom he appeared to be friends. Mr. Menifield overheard the perpetrator tell that attendant, "that's the guy I robbed" or "I just robbed him," referring to Mr. Menifield.[2] Mr. Menifield called the police immediately and provided another description of the perpetrator and the vehicle in which he had arrived. When the police officer arrived at the lot, and as [Appellant] returned to the lot, Mr. Menifield identified [Appellant] as the perpetrator of the robbery. As a result of Mr. Menifield's identification, [Appellant] was arrested at the scene.

Mem. Order of Ct., 3/15/18, at 1-2 (citations omitted).

On March 1, 2010, following a bench trial, the trial court found Appellant guilty of robbery—threat of immediate bodily injury and possession of a firearm by a person not to possess.[3] On May 20, 2010, the trial court sentenced Appellant to an aggregate term of 9½ to 19 years' incarceration.

On May 26, 2010, Appellant filed a timely notice of appeal. This Court affirmed Appellant's judgment of sentence on December 1, 2011. Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on May 31, 2012.

On June 13, 2012, the PCRA court docketed Appellant's first *pro se* PCRA petition, but no further action was taken. On December 11, 2015, the PCRA court docketed the instant *pro se* PCRA petition. On December 22, 2015, the

---

[2] Later during trial, the Victim identified the attendant as "Roy." **See** N.T. Trial, 3/1/10, at 41.

[3] 18 Pa.C.S. §§ 3701(a)(1)(iv) and 6105(a)(1), respectively.

court appointed Patrick K. Nightingale, Esq., to represent Appellant. On August 16, 2016, Attorney Nightingale filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On November 9, 2016, the PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On December 2, 2016, the PCRA court docketed Appellant's *pro se* response to the court's notice of intent to dismiss claiming that Attorney Nightingale had not consulted or communicated with Appellant. **See** *Pro se* Resp. to Notice of Intention to Dismiss, 12/3/16, 1-2 (unpaginated). On April 21, 2017, the PCRA court docketed Appellant's *pro se* supplemental response to the court's notice of intent to dismiss claiming that trial counsel was ineffective in failing to conduct a pre-trial investigation and/or request a postponement of trial to locate a witness, Roy Bingham. *Pro se* Suppl. Resp. to Notice of Intention to Dismiss, 4/21/17, at 2-3.

On June 23, 2017, the PCRA court entered an order stating that in light of Attorney Nightingale's petition to withdraw, the alleged lack of communication between Attorney Nightingale and Appellant, and the claim raised by Appellant in his supplemental response, it was appointing Scott Coffey, Esq. (PCRA Counsel), to represent Appellant. PCRA Counsel filed an amended PCRA petition on August 30, 2017, raising essentially the same argument as Appellant did in his *pro se* supplemental response. **See** Am. PCRA Pet., 8/30/17. On November 3, 2017, the Commonwealth filed a response to the amended petition, claiming that (1) Appellant does not have

- 3 -

an affidavit from Bingham because the alleged affidavit "is not verified or notarized"; (2) Trial Counsel testified that she would not have asked for a postponement because she would have relied on cross-examination; and (3) there was "abundant evidence" as to Appellant's guilt. Commonwealth's Answer to PCRA Pet., 11/3/17, at 6-7.

On November 29, 2017, the PCRA court filed a notice of its intent to dismiss. Appellant filed a *pro se* response, docketed on December 11, 2017, again claiming that Trial Counsel was ineffective for failing to conduct a pretrial investigation and possibly presenting Bingham as a witness. *Pro se* Resp. to Notice of Intention to Dismiss, 12/1/17, at 2-3. Additionally, Appellant raised a claim of PCRA Counsel's ineffectiveness. ***Id.*** at 3. On December 13, 2017, the PCRA court rescinded its November 29, 2017 notice of intent to dismiss and scheduled an evidentiary hearing.

At the hearing held on February 28, 2018, PCRA Counsel called Bingham to testify. Bingham testified that in 2008 he worked at the after hour parking lot with Victim. N.T. PCRA Hr'g, 2/28/18, at 5. Bingham further testified that while working at the parking lot with Victim:

> [Appellant] had came, and I guess he was going to the club and parking cars. I haven't seen him in a while, so when I seen him, we greeted each other. And we talked or whatever. [Appellant] was saying he was going to the club. He went in the club. And when he went in, [Victim] said, "I think that's the guy that robbed me."
>
> I was like, "You sure?" He was like, "Yeah." I was like, "I know him," you know what I mean. Because we were, like, kind of nervous about since he got robbed the one time, would there be

continued robberies or whatever. So when [Victim] said it was him, I was just like, "I know him."

*Id.* at 7. Bingham stated that he did not hear Appellant say that Appellant had just robbed Victim. *Id.* Finally, Bingham explained that he did not know Appellant had been on trial for the robbery and that Trial Counsel never contacted him to testify. *Id.* at 9-10.

During cross-examination, Bingham acknowledged that he found out Appellant was in prison because of a mutual friend who was in the same prison. *Id.* at 12. Bingham further acknowledged that he was Appellant's friend and knew Appellant's mother. *Id.* at 14, 16.

Trial Counsel also testified at the hearing. She stated that she did not know of Bingham's existence prior to trial. *Id.* at 20-21. She testified that the first time she heard of Bingham was when Victim testified at trial that Appellant told Bingham that Appellant had robbed the alleged Victim. *Id.* at 21. Trial Counsel explained that when Victim made this statement she decided to cross-examine him on that point because she did not believe Victim was credible. *Id.* at 22. She further explained that she did not ask for a postponement to find Bingham because (1) there was nothing to corroborate the Victim's statement that he heard Appellant tell Bingham that Appellant had robbed Victim; (2) it was the first time Victim had said it; and (3) it was not in the police reports. *Id.* at 23. Moreover, during cross-examination, Trial Counsel acknowledged that Appellant did not tell her during pre-trial

proceedings or at trial that one of the workers at the McDonald's parking lot was a friend of his. *Id.* at 25.

On March 15, 2018, the PCRA court denied Appellant's PCRA petition, concluding that Appellant "cannot show that his [T]rial [C]ounsel lacked a reasonable strategy in failing to postpone the trial in order to locate [Bingham. Appellant] also cannot show that he has suffered actual prejudice as a result of his Trial Counsel's decision." Mem. Order of Ct., 3/15/18, at 6.

Appellant timely appealed and filed a concise statement of matters complained of on appeal. The PCRA court filed an opinion relying on the reasoning it provided in its March 15, 2018 order denying Appellant's PCRA petition.

Appellant raises the following question on appeal:

Did the [PCRA] court err in denying Appellant's PCRA petition since Trial Counsel was ineffective for failing to request a postponement during the trial, after the Victim's testimony, to locate and call potential witness Roy Bingham to testify at trial, after the Victim testified that Appellant told Mr. Bingham on 9/15/08 that Appellant had robbed the Victim; on 8/7/17, Bingham submitted an affidavit stating that Appellant never told him that he robbed the Victim, and that Bingham had been willing to testify at trial and was never contacted by Appellant's trial attorney, and Bingham testified consistent to the content of his affidavit at the 2/28/18 PCRA hearing[?] If the trial court had heard Bingham's testimony at trial, the Victim's credibility would have been substantially weakened and Appellant likely would have been acquitted of the instant crimes[.]

Appellant's Brief at 3 (full capitalization omitted).

Appellant argues that Trial Counsel was ineffective in failing to request a postponement to locate Bingham. *Id.* at 17. He claims that Bingham would

have testified at trial that Appellant never told him that Appellant had robbed Victim or anybody else. *Id.* This testimony, Appellant contends, "would surely have [made the trial court find Victim]'s credibility to be substantially weakened, and [Appellant] would likely have been acquitted of the instant robbery and [Violation of the Uniform Firearm Act] counts." *Id.* Appellant argues that he must be granted a new trial at which Bingham can testify in light of counsel's ineffectiveness. *Id.*

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

It is well-settled that to establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable

strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** (citation omitted); ***see also Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." (citation omitted)).

Our Supreme Court has explained that prejudice "means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Counsel is presumed to have been effective and the burden of rebutting that presumption rests with the petitioner." ***Commonwealth v. Fletcher***, 986 A.2d 759, 772 (Pa. 2009) (quotation marks and citations omitted). We add that "boilerplate allegations and bald assertions of . . . ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011).

Instantly, the PCRA court found that Appellant was not prejudiced by Trial Counsel's decision to not request a postponement to locate Bingham. Mem. Order of Ct., 3/15/18, at 7. The PCRA court reasoned:

> This court sat as the fact-finder during the non-jury trial, and it has a vivid recollection of the evidence and testimony presented. As this court noted at the time that it rendered its verdict, the court found the testimony of [V]ictim to be consistent and very credible, and it found [Victim]'s identification of [Appellant] to be solid.
>
> Moreover, given the connection that Mr. Bingham had and continues to have with [Appellant], there was not a "substantially

- 8 -

greater chance of success" if Mr. Bingham would have testified at trial. Indeed, rather than being a disinterested, unbiased witness, Mr. Bingham had grown up with [Appellant] as next-door neighbors, and Mr. Bingham knew [Appellant]'s mother well. Given the strength of [V]ictim's identification testimony, the circumstances surrounding the identification, and the possible bias/interest of Mr. Bingham, which certainly would have been more fully explored on cross[-]examination during trial had he testified, there was no reasonable likelihood that the outcome of the trial would have been any different had trial counsel presented the testimony of Mr. Bingham.

*Id.* We agree.

Our review of the record reveals ample support for the PCRA court's findings of fact and credibility determinations. *See Mitchell*, 105 A.3d at 1265. As noted by the court, Victim's identification of Appellant was unwavering. *See* Mem. Order of Ct., 3/15/18, at 7. The court further noted that Bingham was not a disinterested and unbiased witness. *Id.* Bingham's testimony, even if believed, did not weaken the Victim's identification and the trial court's finding that Victim was "consistent and very credible." *See id.*; *see also Mitchell*, 105 A.3d at 1265; *Turetsky*, 925 A.2d at 880.

Accordingly, because Appellant has not met his burden of proving that he has been prejudiced, his ineffectiveness claim fails. *See Daniels*, 963 A.2d at 419 (holding that failure to satisfy any prong of the ineffectiveness test requires rejection of the ineffectiveness claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2018